IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald D. Leonard,                          :

           Plaintiff              :        Civil Action 2:11-cv-152

    v.                                      :        Judge Sargus

Gary Mohr, *et al.*,                        :        Magistrate Judge Abel

           Defendants.            :


## REPORT AND RECOMMENDATION

This matter is now before the Magistrate Judge for an initial screening of the

complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss

the complaint, or any portion of it, which is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09

(6th Cir. 1997).

Plaintiff Ronald D. Leonard is an inmate formerly incarcerated at the

Chillicothe Correctional Institution ("CCI"), and now at the Ross Correctional

Institution ("RCI").  He alleges:

> [Defendants'] conspiracy to unconstitutionally permit the (CCI)
> disciplinary committee to find Plaintiff guilty of a false and fabricated
> conduct report based upon a record devoid of the "some evidence"
> required under the well settled U.S. Supreme [Hill] precedent
> essentially rendering the May 18, 2010 disciplinary proceedings clearly
> unconstitutional ultimately interfering with plaintiffs liberty interest
> thus creating an atypical and significant hardship, of which

1

> Defendants unconstitutionally transferred Plaintiff on February 27,
> 2011 to Ross Corr. Inst. in violation of his constitutional Procedural
> Due Process protections and the Defendants are liable to Plaintiff
> under 42 U.S.C. Sec. 1983; Sec. 1985(3)... in hope of Plaintiff being
> killed by the Aryan Brotherhood Gang that is aware of Plaintiff being
> incarcerated here at Ross Corr. Inst.[...]

(Doc. 3 at 1-2.)[1]  He seeks a restraining order to restrain Defendant Rob Jeffreys,

warden of RCI, "from further incarcerating Plaintiff at Ross. Corr. Inst.", and seeks

immediate transfer to Hocking Correctional Institution.

Prisoners who have been found guilty in a prison disciplinary hearing are

sometimes precluded from using §1983 to collaterally attack the validity of the

hearing.  *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S.

641 (1994).  This is the case where the results of the hearing affected or potentially

affected the eventual duration of the prisoner's sentence, such as eliminating or

preventing credit for good behavior.  However:

> *Heck*'s requirement to resort to state litigation and federal habeas
> before §1983 is not, however, implicated by a prisoner's challenge that
> threatens no consequence for his conviction or the duration of his
> sentence.  There is no need to preserve the habeas exhaustion rule and
> no impediment under *Heck* in such a case, of which this is an example.

*Muhammad v. Close*, 540 U.S. 749, 751-52 (2004).  Plaintiff does not allege, and it is

not apparent, that the result of the disciplinary hearing had implications for his

conviction or the duration of his sentence.  This action is not therefore barred on

that basis.

---

[1]  Plaintiff lists as defendants several individuals, including the wardens of
CCI and RCI, the Director of the Ohio Department of Rehabilitation and Correction,
and the members of the disciplinary committee.  (Doc. 3 at 1-2.)

2

Plaintiff's complaint does not state what punishment Plaintiff received from the disciplinary hearing based upon the "false and fabricated conduct report". He implies, however, that it was transfer to RCI, and it is this transfer which forms the basis of his due process claim. (Doc. 3 at 2.) As the Sixth Circuit Court of Appeals has explained:

> To state a procedural due process claim under §1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). The question then becomes which of prisoners' conceivable liberty interests receive Due Process Clause protection. In *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through §1983 is "freedom from restraint which... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Williams v. Wilkinson*, 51 Fed.Appx. 553, 556 (6th Cir. 2002). However, a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggert*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Mere transfer from one prison to another – or refusal to transfer– does not by itself implicate a liberty interest protected by the Due Process Clause.

Plaintiff also alleges, however, that Defendants made the transfer "in hope of Plaintiff being killed by the Aryan Brotherhood Gang that is aware of Plaintiff being incarcerated here". He seeks a preliminary injunction from the Court requiring the Ohio Department of Rehabilitation and Correction to transfer him to

3

Hocking Correctional Institution.  In determining whether to issue a preliminary injunction, the Court must consider the following four factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

Plaintiff has not alleged facts or presented evidence sufficient to warrant a preliminary injunction in this case.  To establish a substantial likelihood of success on his Eighth Amendment claim that Defendants have deliberately sent him to RCI in hopes that he will be killed, Plaintiff must present evidence showing that he actually faces a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  His bare assertion that he is in danger and that the Aryan Brotherhood Gang will kill him is unsupported even by any allegations that any threats have ever been made against him by a gang member, or that he has taken some action which would lead this gang to retaliate against him.  Still less has he presented any actual evidence of such danger, such as prison grievances in which he asked prison authorities at either his current or former prison for protection against the Aryan Brotherhood Gang.  In the absence of any showing that Plaintiff actually faces a

4

substantial risk of serious harm, the extraordinary relief Plaintiff seeks is not warranted.

Because Plaintiff's claims concerning his disciplinary hearing would be barred as a matter of law, and because he has made no specific allegations or presented evidence to support his request for a preliminary injunction, upon initial screening pursuant to 28 U.S.C. §1915(e)(2) I **RECOMMEND** that his complaint be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge

5