IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald D. Leonard, | : | |
| Plaintiff | : | Civil Action 2:11-cv-152 |
| v. | : | Judge Sargus |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court pursuant to Plaintiff's Second Request for Protective Custody Transfer (Doc. 28) and Defendants' motion for summary judgment (Doc. 39). On February 9, 2012, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Plaintiff's request for injunctive relief and grant Defendants' motion for summary judgment. This matter is now subject to *de novo* review pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).

The Report and Recommendation summarized the factual and procedural background of this case in detail. In brief:

> Plaintiff is an inmate in the Ohio penal system, presently incarcerated at the Toledo Correctional Institution ("TCI"). He was formerly resident at the Chillicothe Correctional Institution ("CCI") and Ross Correctional Institution ("RCI"). Plaintiff was also a plaintiff in *Leonard v. Ohio Dep't of Rehabilitation and Corrections*, Southern District of Ohio Case No. 2:09-cv-961, litigation in which he alleged that the operators of CCI were deliberately indifferent to serious

1

health risks to inmates from asbestos and black mold exposure. On
April 28, 2010, officials at CCI were advised by the United States
Department of Homeland Security that someone at CCI had sent a
package containing asbestos to the Office of the Inspector General in
Washington, D.C. An investigation at CCI identified Plaintiff as the
likely sender, based upon a comparison between his handwriting and
the writing on a note accompanying the asbestos. On May 18, 2010, a
Rules Infraction Board ("RIB") hearing was held, and Plaintiff was
found guilty. He was placed in segregated confinement, and his
security level was increased from Level 2 to Level 3.

(Doc. 47 at 2.) After Plaintiff's security level was increased to 3, he was transferred to Ross Correctional Institution ("RCI"). Plaintiff argued in his complaint, and has reiterated in his briefs, that he faced danger at RCI from a prison gang known as the Aryan Brotherhood. He claims that the RIB hearing and his security reclassification were part of a conspiracy to retaliate against him for exercising his First Amendment right to bring litigation relating to asbestos exposure by arranging for his transfer to an institution where he would be in danger of his life, and that the warden of CCI was deliberately indifferent to a known risk to his safety in violation of his Eighth Amendment rights.[1]

In the Report and Recommendation, the Magistrate Judge addressed Plaintiff's second request for injunctive relief and Defendants' motion for summary judgment.[2] Plaintiff had brought suit against eight defendants, including the

---

[1] The Court identified these claims in its order of April 12, 2011 modifying the Magistrate Judge's initial screening report and recommendation. (Doc. 8.)

[2] Plaintiff was subsequently transferred again from RCI to the Toledo Correctional Institution. However, he maintains that his life is in danger from the Aryan Brotherhood there as well, and requests that he be transferred to a "protective custody institution" such as Hocking Correctional Facility. *See* Doc. 38.

2

warden of CCI, Robin Knab, and several CCI personnel. The Magistrate Judge noted that Plaintiff had made no reference in any of his pre-suit administrative grievances to any of these persons aside from Knab. Consequently, citing the relevant caselaw, he found that summary judgment was properly granted to seven defendants under the Prison Litigation Reform Act, 42 U.S.C. §1997, which requires that prisoners fully exhaust their administrative remedies before filing suit.[3] With respect to Knab, however:

> Plaintiff's October 4, 2010 informal grievance mentioned his allegations that CCI Warden Knab had "conspired with her designees approving a Level 3 increase and transfer to [a Level 3] facility... because of retaliation for complaints concerning my life". (Doc. 39-1 at 4.) Defendants concede that "[i]f interpreted in a light most favorable to Plaintiff, it would at most show he administratively exhausted his claim as to Defendant Knab." However, Defendants argue, Plaintiff failed to comply with O.A.C. §5120-9-31(M), which provides that grievances against the warden must be filed directly with the office of the chief inspector. Furthermore, they argue, Plaintiff's grievance states that his real complaint is with his reclassification to Level 3, and appeals to inmate classifications do not proceed through the informal grievance procedure.

(Doc. 47 at 9-10.)

The Magistrate Judge proceeded under the assumption that administrative remedies had been exhausted with respect to Knab. He then concluded, with respect to Plaintiff's Eighth Amendment claims, that Plaintiff had made an

---

[3] As the Magistrate Judge noted, an Ohio prisoner may not, under the PLRA, file a complaint in federal court until he has filed an informal grievance using the Ohio inmate grievance procedure, the grievance has been acted upon, and the prisoner has exhausted all of his rights of administrative appeal with respect to the grievance. *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

3

inadequate showing that he suffered a substantial risk of serious harm. The Magistrate Judge determined that Plaintiff's allegations about the nature of the harm from the Aryan Brotherhood were inconsistent, and, noting that Plaintiff had never alleged that anyone had actually attempted to assault him, found that he had "offered only the vaguest details concerning communications amongst Aryan Brotherhood members about the alleged contract on his life." Finding that Plaintiff had not demonstrated that an objective risk of serious harm existed, and that he had presented no evidence that Defendant Knab knew of this risk and deliberately disregarded it, the Magistrate Judge recommended that Defendants be granted summary judgment on Plaintiff's Eighth Amendment claim.

With respect to Plaintiff's First Amendment claim for retaliation, the Magistrate Judge stated that Plaintiff had indisputably engaged in protected conduct by bringing numerous lawsuits (including his asbestos litigation). However, he found that again Plaintiff had failed to present any evidence aside from bare assertions that Defendant Knab had been motivated by retaliatory animus in placing him in administrative segregation and raising his security level to 3. The Magistrate Judge concluded also that Defendant had made a showing that she would have taken the same actions regardless of Plaintiff's protected activity, as his discipline was the result of a RIB finding that he had mailed a toxic substance to a government agency. He recommended that Defendants be granted summary judgment on Plaintiff's First Amendment claim as well.

Plaintiff has filed two sets of objections (Docs. 48, 49), which essentially raise

4

the same argument: that inadequate evidence existed for the RIB to have found him guilty of mailing a package containing asbestos to the Office of the Inspector General. The Magistrate Judge had found, with respect to Plaintiff's First Amendment retaliation claim:

> Even if an inmate plaintiff can show that his protected conduct was a motivating factor in the defendant's action, a prison official can defeat a retaliation claim by showing that he would have taken the same action regardless of the presence of protected activity. *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007), following *Mount Healthy City School District Bd. of Education v. Doyle*, 429 U.S. 274 (1977). Here, Plaintiff was charged with mailing a toxic substance to a government agency, and (although he disputes his guilt) evidence supported the charges. That he was disciplined by the RIB is not surprising, and there is no basis to suppose that the prison rule against harassment through the mails was inconsistently applied here. *See also Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005) ("[a] finding of guilt based upon some evidence of violation of prison rules 'essentially checkmates' a retaliation claim").

(Doc. 47 at 14.)

Plaintiff has maintained throughout this litigation that the RIB found him guilty without sufficient evidence. Defendants' motion for summary judgment was accompanied by Investigator Paul Arledge's conduct report for the incident, which stated that CCI was contacted on April 28, 2010 by the Department of Homeland Security. An inmate at CCI had sent a package to the Office of the Inspector General in Washington, D.C. It was accompanied by a transparent medications bag containing a white powder, which the accompanying letter identified as asbestos from Dormitory D-1 at CCI. (Doc. 39-2 at 5.) According to the conduct report, CCI staff were able to trace the medications bag from its date and original contents to

5

an inmate named Bentley, who advised that he sometimes gave coffee in pill bags to Plaintiff Leonard and another inmate named Worthington. CCI staff determined that the handwriting in the letter was an "obvious" match to samples of Leonard's handwriting, and Worthington stated that Leonard had mentioned sending "something" to Washington. (*Id.*) Although Plaintiff requested the presence at his hearing of an handwriting analyst, the RIB found him guilty on the evidence presented. (Doc. 39-2 at 18.)

Despite Plaintiff's continued protestations that the RIB lacked expert handwriting analysis and DNA evidence linking him to the incident, the Magistrate Judge correctly concluded that the RIB had "some evidence" upon which to base the conviction that led Knab to reclassify him. *Jackson, supra.* As he noted, where a prison official can show that he would have taken the same action regardless of the presence of protected activity, he can defeat a claim of retaliation. *Thomas, supra.* The Magistrate Judge also correctly found that Plaintiff has never presented any evidence, aside from bare assertions of malice, that Defendant Knab was motivated by retaliatory animus in reclassifying his security level following the asbestos incident.

Plaintiff has put forward another argument, which he apparently considers dispositive of the question. In *Leonard v. ODRC, Leonard v. Moore*, and *Leonard v. Moore*, Southern District of Ohio Case Nos. 2:09-cv-961, 2:10-347, and 2:10-cv-951, Defendants filed a reply memorandum in support of certain motions to dismiss. (Doc. 40-1 at 6-11.) Counsel for substantially the same defendants therein

6

summarized Plaintiff's allegations in Case No. 2:10-cv-951 as follows: "Plaintiff alleged that Defendants violated his Eighth Amendment right, under 42 U.S.C. §1983, when they intercepted a letter he attempted to place in the United States mail purportedly containing friable asbestos, and accordingly, placed him in segregation."[4] (*Id.* at 8-9.)

This, Plaintiff argues, amounts to an admission by Defendants that such a letter "could not have ever physically been received by anyone in Washington DC", as it was intercepted before sending. (Doc. 49 at 5.) Therefore, genuine issues of material fact must exist as to whether any such letter ever even existed in the first place.

The denial of summary judgment requires a "genuine" issue of material fact. Fed. R. Civ. P. 56(a). *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). An statement by counsel in another case that erroneously or inaccurately summarizes the allegations surrounding the asbestos mailing incident does not amount to evidence creating serious doubt – or even a scintilla of uncertainty – as to whether it ever took place. To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[4] In 2:10-cv-951, Plaintiff appears to claim that his placement in administrative segregation following the RIB hearing violated his constitutional rights by having the effect of preventing him from pursuing litigation. His complaint there makes no reference to danger from the Aryan Brotherhood. Case No. 2:10-cv-951 at 1.

7

All defendants except Robin Knab are entitled to summary judgment on grounds that, as to them, Plaintiff failed to exhaust his administrative remedies. Defendant Robin Knab is entitled to summary judgment on Plaintiff's claim for violation of his Eighth Amendment rights, as no genuine issues of material fact exist as to whether an objective risk of serious harm to him existed, or whether Defendant Knab was aware of any such risk and recklessly disregarded it. Furthermore, Defendant Robin Knab is entitled to summary judgment on Plaintiff's claim for retaliation for exercise of his First Amendment rights, as no genuine issues of material fact exist as to whether Defendant took an adverse action against him in retaliation for his litigation activities.

It is therefore **ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 47) is **ADOPTED**. Plaintiff's second motion for injunctive relief (Doc. 28) is **DENIED**. Defendants' motion for summary judgment (Doc. 39) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment for the defendants, to terminate all outstanding motions, and to close this case.

<br>

3-20-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE